UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARSHAD ALI MALIK, | ) | CASE NO. 4:12cv2721 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES PAROLE | ) | AND ORDER |
| COMMISSION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Arshad Ali Malik a/k/a Ali Khan filed the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner, who is confined in the Northeast Ohio Correctional Center in Lisbon, Ohio ("FSL Elkton"), names the United States Parole Commission as respondent. He asserts he completed his term of imprisonment on December 7, 2011 and now seeks immediate release and deportation to Canada. The United States filed a response to the petition on December 17, 2012, and requested the Court grant the petition. (Doc. No. 4.)

   **I.   BACKGROUND**

Petitioner, a native of Canada, was indicted in the United States District Court for the Northern District of Illinois in 1980. *See United States v. Malik*, No.80cr0647-1 (N.D. Ill. 1980)("the Illinois federal case"). On June 19, 1981, the court sentenced petitioner to serve 15 months imprisonment, followed by lifetime parole. Upon being released from prison, petitioner was deported from the United States to Canada.

On February 8, 2006, an indictment was filed against petitioner in the United

States District Court for the Eastern District of Michigan. *See United States v. Malik, et al.*, No. 2:05cr80266-1 (E.D. Mich. 2006) (Duggan, J.) ("the Michigan federal case"). Later that year, Canadian authorities arrested petitioner on the Michigan warrant. A year after the indictment was filed, petitioner consented to his extradition to the United States to face the charge filed against him in the Michigan federal case. The consent was pursuant to the terms outlined in the United States-Canada Extradition Treaty. Canadian authorities issued an Order of Surrender of petitioner to the United States for the sole purpose of facing the charge filed against petitioner in the Michigan federal case. On November 17, 2009, petitioner pleaded guilty to the charge and was sentenced to serve 78 months in prison.

On February 29, 2012, the United States Parole Commission held a hearing to determine whether petitioner's conviction in the Michigan federal case violated the terms of the lifetime parole imposed by the court in the Illinois federal case. On April 12, 2012, the commission held that petitioner violated his parole term and sentenced him to serve 168 months in prison for the violation. On July 3, 2010, petitioner appealed to the National Appeals Board. The board denied the appeal, finding petitioner's presentence report indicated that he waived extradition. (Doc. No. 1-10.)

Petitioner argues the presentence report is erroneous and that his Order of Surrender and Order of Committal, both dated February 8, 2007, indicate the scope of the charges to which he consented to extradition. He has raised three additional grounds for relief, but advises the Court that he will relinquish these claims if his habeas request for habeas relief is granted.

## II. DISCUSSION

### A. 28 U.S.C. § 2241

This Court may grant writs of habeas corpus within its respective jurisdiction. *See* 28 U.S.C. § 2241(a). The writ "shall not extend to a prisoner unless -- (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner, who is incarcerated within this Court's jurisdictional reach, asserts that the United States Parole Commission invoked a term of commitment beyond the scope of the United States-Canada Extradition Treaty under which he consented to extradition. For the reasons set forth below, the Court agrees.

### B. Rule of Specialty

Petitioner argues he never consented to extradition to face any charges other than those set forth in the Michigan federal case. Although he does not characterize his petition as such, his argument invokes the doctrine or rule of specialty, a legal principle recognized in extradition matters. *See United States v. Rauscher*, 119 U.S. 407 (1886). The rule of specialty prohibits the prosecution of an individual for an offense in the country that requested his extradition unless the extraditing country grants his or her extradition for that offense. *Id.* at 430. The Sixth Circuit has recognized that the rule of specialty bars the prosecution of an individual for unextradited crimes. *See United States v. Garrido-Santana*, 360 F.3d 565, 578 (6th Cir. 2004).

Under the doctrine, the United States' prosecution of petitioner is limited by the terms of the extradition treaty between the United States and Canada. The relevant treaty between these two governments provides:

ARTICLE 12

(1) A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted . . . unless:

(I) He has left the territory of the requesting State after his extradition and has voluntarily returned to it;

(ii) He has not left the territory of the requesting State within thirty days after being free to do so; or

(iii) The requested State has consented to his detention, trial, punishment for an offense other than that for which extradition was granted . . . , provided such other offense is covered by Article 2.

(2) The foregoing shall not apply to offenses committed after the extradition.

Treaty on Extradition Between the United States of America and Canada, Dec. 3, 1971, U.S.-Can., 27 U.S.T. 983 ("the Treaty"). There is no disagreement that petitioner never left the United States after extradition, nor was he free to do so. Moreover, attorney Scott Brown with the Department of Justice's Office of International Affairs, represents that Canadian authorities did not consent to petitioner's detention, trial or punishment for any offense beyond the charge outlined in the indictment against petitioner in the Michigan federal case. (Doc. No. 4 at 72.)

The critical concern underlying the principle of specialty is that extradited individuals should not be subject to indiscriminate prosecution by the receiving government. *See Fiocconi v Atty. Gen. of United States,* 462 F.2d 475 (2d Cir.), *cert. denied,* 409 U.S. 1059 (1972). Although the Third Circuit rejected a prisoner's contention that his incarceration for a parole violation breached the doctrine of specialty, the Court believes the case is distinguishable.

*See McGann v. United States Bd. of Parole*, 488 F.2d 39, 40 (3d Cir. 1973), *cert denied,* 416 U.S. 958, *reh. denied,* 417 U.S. 927 (1974). In *McGann*, the United States Board of Parole issued a parole violation warrant, prompting the Justice Department to initiate the extradition of a petitioner from Jamaica to the United States under a treaty between the two countries. Although the petitioner was extradited for bank robbery, it was also the offense that established his status as a parolee.

Here, petitioner was extradited for the express purpose of facing the charge filed against him in the Michigan federal case. While the court in the Michigan federal case was not prohibited from considering petitioner's pre-extradition offenses in prosecuting him for crimes for which extradition had been granted, *see Leighnor v Turner* 884 F.2d 385 (8th Cir. 1989), when the parole board imposed a sentence upon him five years after extradition, its actions constituted "punishment" in violation the U.S./Canadian treaty's rule of specialty. *But see, Garrido-Santana*, 360 F.3d at 577 (enhancing defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct).

In December 2011, petitioner completed the sentence imposed based on his extradited offenses. To serve an additional 168 months beyond that term for violating parole for an offense related to petitioners sentence in the Illinois federal case was neither within the scope of petitioner's consent nor the Canadian government's agreement. The parole board's sentence did not result from criminal behavior that occurred after petitioner consented to extradition. *See* Treaty, Art. XII (2). Finally, there is no disagreement that the parole violation sentence was not imposed because of any act that fell within an exception to the Treaty's protections. Thus, the Court finds the sentence imposed by the parole commission, based on a parole violation for an

offense other than that for which extradition had been granted, and not falling with any exception specified in the treaty, violates the doctrine of specialty.

### III. CONCLUSION

For the foregoing reasons, the Petition For Writ Of Habeas Corpus And Immediate Release From Custody is **GRANTED** and petitioner is hereby ordered released into the custody of the United States Immigration authorities for immediate deportation to Canada. The Court certifies that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: December 21, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."